UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ORLANDO V. WILLIAMS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 7:16-cv-00263-RDP |
| **TUSCALOOSA VETERANS AFFAIRS MEDICAL CENTER, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

### I.   Introduction

This case is before the court on Defendants' Second Motion to Dismiss (Doc. # 23), filed April 25, 2016. On May 10, 2016, Plaintiff filed his Responsive Brief, Alternative Motion for Rule 15(a)(1)(B) (Doc. # 28). Defendants have had the opportunity to file a reply brief; they have not done so. Plaintiff then filed an Amended Responsive Brief, and Alternative Motion for Rule 15(a)(1)(B) (Doc. # 30) on May 16, 2016, concurrently with a Fourth Amended Complaint (Doc. # 29) that this court construes to be a proposed amendment. Subsequently, on May 17, 2016, Defendants filed a Motion to Strike the Fourth Amended Complaint (Doc. # 31). For the following reasons, Plaintiff's Alternative Motions (Docs. # 28, 30) are due to be denied, Defendants' Second Motion to Dismiss (Doc. # 23) is due to be granted, and Defendant's Motion to Strike (Doc. # 31) is rendered moot.

### II.   Procedural and Background Facts

Plaintiff, who is *pro se*, brought this case against Defendants by filing his Complaint on February 16, 2016. (Doc. # 1). Defendants filed a Motion to Dismiss, (Doc. # 6), and, on March

10, 2016, Plaintiff timely filed an Amended Complaint. (Doc. # 10). In it, he alleges claims for discrimination and retaliation under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* (the "Rehab Act"), and violation of his First Amendment rights pursuant to 42 U.S.C. § 1983 ("Section 1983") by Defendant Tuscaloosa Veterans Affairs Medical Center ("TVAMC"), and Defendants John F. Merkle, Carlos Berry, Dr. Denise Perone, and Dr. John Jeans in their individual capacities.[1] (*Id.*). Beginning on November 12, 2015, Plaintiff began participation in a Department of Veterans Affairs ("VA") program called the Mental Health Residential Rehabilitative Treatment Program ("MHRRTP") at TVAMC. (*Id.* at ¶¶ 14-16; *see also* Doc. # 23). This program was designed for veterans with post-traumatic stress disorder ("PTSD"). (*Id.*). He sent a letter dated November 16, 2015, to the Director of the Tuscaloosa V.A. He contends the letter constituted a complaint of discrimination. (Doc. # 10 at ¶ 19, Ex. K). In the letter, Plaintiff wrote that he was "currently rated at 70% solely due to PTSD," and that his MHRRTP treatment team recommended he be sent home in lieu of staying in the in-patient program. (*Id.* at Ex. K). Also, Plaintiff asserted that "by November 18, 2015, the Tuscaloosa V.A. [MHRRTP] treatment team is going to be in violation of Section 504" of the Rehab Act due to his disability and excluding him from participation in and denying him "the benefits of" the program, "as well as [his] civil rights." (*Id.*).

Subsequently, on November 20, 2015, Plaintiff signed a MHRRTP Contract. That contract sets forth rules of the program, lists both simple violations and violations that would result in immediate dismissal from the program. Any person entering into the program must sign that contract. (Doc. # 10 at ¶ 21, Ex. F). Plaintiff alleges that on December 7, 2015, he attended a treatment meeting conducted by Defendant Perone, and Perone accused Plaintiff of violating

---

[1] Although Plaintiff's allegations are themselves difficult to follow, the numerous exhibits to his Amended Complaint assist the court in determining what he avers has occurred.

the MHRRTP Contract by "helping other veterans getting Compensation and Pension examinations on the basis of PTSD with pending claims." (*Id.* at ¶ 22). He further alleges he noticed his medical records were "altered by TVAMC," and contends Defendant Jeans removed his May 4, 2004 PTSD diagnosis and changed it to a November 12, 2015 diagnosis date. (*Id.* at ¶ 23, Exs. C, E).

Plaintiff expected his participation in the MHRRTP to continue until December 11, 2015; indeed, a portion of Plaintiff's progress notes state that his anticipated discharge date was December 24, 2015. (Doc. # 10 at ¶¶ 16-17, Exs. I-J). However, on December 8, 2015, Plaintiff was released in a "regular discharge" because, according to his records, he completed the MHRRTP. (*Id.* at ¶ 16, Exs. C, E). His discharge summary states that "[h]e voiced benefit from the stay. He was somewhat compliant with unit rules and medications and there were not behavioral disturbances. . . . [D]ischarge medications have been ordered as below. He is suitably stable for discharge at this time." (*Id.* at Ex. L). Plaintiff alleges that TVAMC discriminated against him by excluding him from participation in the MHRRTP solely by reason of his disability. (*Id.* at ¶ 17). Further, he alleges that TVAMC retaliated against him because of his November 16, 2015 complaint by altering his PTSD diagnosis date and discharging him from the MHRRTP, in violation of the Rehab Act and his First Amendment rights. (Doc. # 10). Plaintiff attached to his Amended Complaint an EEOC charge of discrimination dated December 10, 2015, alleging retaliation and disability discrimination. (*Id.* at Ex. A, B). He also attached an EEOC dismissal and notice of rights stating that the EEOC was closing its file because there is "No Employer-Employee Relationship."). (*Id.*).

On April 25, 2016, Defendants filed their Second Motion to Dismiss.[2] (Doc. # 23). In their Motion, Defendants argue that Plaintiff's claims are loosely clothed as violations of the Rehab Act and his constitutional rights, but actually constitute a claim for benefits from the United States Department of Veterans Affairs ("VA"). (*Id.*). Therefore, Defendants assert, this court lacks subject-matter jurisdiction because the Veterans Judicial Reform Act ("VJRA") provides both the exclusive means for Plaintiff to challenge VA benefits decisions and deprives this court of jurisdiction over such claims.[3] (*Id.*). Similarly, Defendants argue that Plaintiff cannot bring a Section 1983 suit here because all the Defendants are *federal* actors. They further contend that Plaintiff cannot assert a constitutional claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because this court lacks the requisite jurisdiction to entertain such a claim. (*Id.*). Defendants seek dismissal with prejudice of Plaintiff's claims. (*Id.*).

After the court ruled on a series of unrelated motions, on May 10, 2016, he filed his responsive brief and, alternatively, moved under Rule 15(a)(1)(B) to amend his pleadings. (Doc. # 28). Plaintiff contends in his brief simply that the Amended Complaint states claims upon which relief can be granted, and he incorporates that pleading into his brief. (*Id.*). Alternatively, Plaintiff moves to amend yet again under Rule 15(a)(1)(B). (*Id.*).

Six days later, on May 16, 2016, Plaintiff filed his (1) Amended Responsive Brief, (2) Alternative Motion for Rule 15(a)(1)(B) (Doc. # 30), and (3) a Fourth Amended Complaint (Doc. # 29) (which this court construes to be another proposed amendment). In his amended

---

[2] On April 1, 2016, Plaintiff had filed his Second Amended Complaint without moving for leave to do so (Doc. # 14). On April 5, 2016, the court entered an Order construing it as a motion to amend and denied that motion and the proposed Second Amended Complaint. (Doc. # 18).

[3] Defendants also contend that, although the Administrative Procedures Act, 5 U.S.C. § 702 ("APA"), and the Rehab Act provide waivers of sovereign immunity, those statutes do not provide the correct avenue for the relief Plaintiff seeks. (Doc. # 23).

response, Plaintiff argues that his "Third Amended Complaint" asserts claims upon which relief can be granted, and that the court "must incorporate his Fourth Amended Complaint" into the brief. (Doc. # 30). He also claims in his Rule 15(a)(1)(B) alternative motion to amend that the Fourth Amended Complaint contains "new available evidence" in the form of exhibits that are "discharge summaries confirming TVAMC was aware of his Complaint dictated by TVAMC by and through its employee (Jeans)." (*Id.*). Plaintiff's filing misquotes language from Exhibit L to the Fourth Amended Complaint.[4] (*Id.*).

Defendants filed a Motion to Strike the Fourth Amended Complaint. (Doc. # 31). In that filing, they assert that Plaintiff filed the Fourth Amended Complaint without leave of the court and beyond the time limit allotted by the Federal Rules of Civil Procedure. (*Id.*). Further, they argue that allowing the amendment would be futile because, even if permitted, it would not save Plaintiff's claims from dismissal. (*Id.*). Accordingly, Defendants contend the Fourth Amended Complaint should be struck. (*Id.*).

### III. Plaintiff's Alternative Motions Are Due To Be Denied

As an initial matter, the court determines that Plaintiff's Alternative Motions (Docs. # 28, 30) are due to be denied. First, Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to "amend its pleading *once* as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). Plaintiff amended his Complaint as a matter of course when he timely filed the Amended Complaint (Doc. # 10) after Defendants filed their initial dismissal motion (Doc. # 6). Thus, Rule 15(a)(1)(B) is inapplicable.[5] Second, and in any event, even if the court construed Plaintiff's Motions as seeking relief under Rule

---

[4] The court notes that the exhibits in the proposed Fourth Amended Complaint mirror those in the Amended Complaint.

[5] Rule 15(a)(1)(A) is also inapplicable because Plaintiff's time to amend as of right has long passed.

5

15(a)(2), any amendments would be futile. *See Johnson v. Boyd*, 568 Fed. Appx. 719, 723 (11th Cir. 2014) (court need not grant leave to amend if "a more carefully drafted complaint could not state a claim and is, therefore, futile"). Although Plaintiff's claims sound in discrimination and retaliation under the Rehab Act, and also purport to assert Section 1983 claims for constitutional violations, in substance the claims actually challenge the VA's decision (through TVAMC) to terminate his benefits. (*See* Doc. # 10). For the reasons discussed below, this court has no jurisdiction over Plaintiff's claim for veteran's benefits. Accordingly, Plaintiff's Motions (Docs. # 28, 30) are due to be denied. And, the denial of Plaintiff's Motions (Docs. # 28, 30) renders Defendants' Motion to Strike the Fourth Amended Complaint moot.

## IV.     Legal Standards for Rule 12(b)(1) Motions

A motion under Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a subject-matter jurisdiction defense. A Rule 12(b)(1) motion to dismiss should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Harris v. Bd. of Trustees Univ. of Ala.*, 846 F. Supp. 2d 1223, 1232 (N.D. Ala. 2012) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction (*i.e.*, Plaintiff). *Id.* "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Southeast Bank, N.A. v. Gold Coast Graphics Grp. Partners*, 149 F.R.D. 681, 683 (S.D. Fla. 1993) (citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1991); *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1978[6])).

---

[6] The Eleventh Circuit recognizes all of the Fifth Circuit decisions rendered prior to the close of business on September 30, 1981, as binding precedent. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

A Rule 12(b)(1) motion may present a facial attack or factual attack. *Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (citing *McElmurray v. Consol. Govt. of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). "Facial attacks on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 15125, 1528-29 (11th Cir. 1990)) (other citations omitted). On the other hand, "factual attacks" challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleading, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In other words, when a party raises a factual attack to subject-matter jurisdiction, the court is not obligated to take the allegations in the complaint as true, but may consider extrinsic evidence such as affidavits. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (citations omitted).

Of course, the analysis of a factual attack, which also implicates an element of the cause of action, does not simply end with a consideration of extrinsic evidence. *See Garcia*, 104 F.3d at 1261. If an element of a cause of action is implicated,

> the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. . . . Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion . . . . [A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action. The exceptions to this rule are narrowly drawn, and

>are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.

*Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981)) (changes in original). Stated another way, when a Rule 12(b)(1) motion attacks the merits of a cause of action, a district court should review those attacks under the standards of a Rule 12(b)(6) motion to dismiss for failure to state a claim, or a Rule 56 motion for summary judgment. Accordingly, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**IV.   Analysis**

After careful review, this court concludes that Plaintiff's claims, in actuality, concern a claim of veteran's benefits, and this court lacks jurisdiction over them.

**A.   It is Axiomatic That Federal District Courts Have No Jurisdiction Over Veteran's Benefits Claims**

Although Plaintiff's Amended Complaint alleges violations of the Rehab Act and his constitutional rights, it is readily apparent that they are actually claims for veteran's benefits. (*See* Doc. # 10). This court does not have jurisdiction over such claims.

Federal district courts can only hear cases over which they have jurisdiction. *See United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005) ("Federal courts are courts of limited jurisdiction.") (citations omitted). "We should not overstep the limits on our jurisdiction and exercise power we do not have over disputes Congress has not given us authority to decide." *Id.* (citing *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993)).

In 1988, Congress enacted the VJRA not only "to create an opportunity for veterans to challenge VA benefits decisions, but also to assign exclusive jurisdiction over their claims to a centralized systems comprised of the BVA [Board of Veterans Appeals], the newly established CVA [Court of Veterans Appeals (now named the Court of Appeals for Veterans Claims)], and the Federal Circuit." *Beamon v. Brown*, 125 F.3d 965, 972 (6th Cir. 1977); *see* 38 U.S.C. § 7252(a) ("The [Veteran's Appeals Court] shall have exclusive jurisdiction to review decisions of the [BVA].") The VJRA provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). It also specifically provides the means by which a plaintiff can challenge decisions made by the VA concerning benefits: an appeal of the Secretary's decision must first be taken to the BVA, then to the Veteran's Appeals Court, and then to the Federal Circuit. *See* 38 U.S.C. §§ 7104, 7252, 7292. Accordingly, this court lacks jurisdiction over Plaintiff's benefits claims. *See* 38 U.S.C. § 511(a); *see also, e.g.*, *Slater v. United States*, 175 Fed. Appx. 300, 305 n. 2 (11th Cir. 2006) ("We have no jurisdiction over any decision of law or fact necessary to the provision of benefits by the Secretary to veterans or dependents or survivors of benefits." (citations omitted)); *Karmatzis v. Hamilton*, 553 Fed. Appx. 617, 618-19 (7th Cir.

2014) ("The circuits unanimously agree that the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions.") (collecting cases).

Plaintiff has attempted to couch his claims for benefits as a deprivation of constitutional rights and the Rehab Act. But that maneuver cannot rescue him from dismissal here. "A veteran may not circumvent these jurisdictional limitations [set forth in the VJRA] by cloaking a benefits claim in constitutional terms." *Karmatzis*, 553 Fed. Appx. at 619 (citing *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012) (collecting cases)); *accord Pate v. Dept. of Veterans Affairs*, 881 F. Supp. 553, 556 (M.D. Ala. 1995) (same). This is because the VJRA provides that "*all* questions of law and fact" relating to benefits must be determined within the contours of that statute. 38 U.S.C. § 511(a) (emphasis added). Therefore, this court has no jurisdiction over any constitutional claims that Plaintiff alleges which relate to benefits decisions, including his claims of disparate treatment and retaliation. *See Cheves v. Dept. of Veterans Affairs*, 227 F. Supp. 2d 1237, 1246-47 (M.D. Fla. 2002); *see also Hicks v. Veterans Admin.*, 962 F.2d 1368-70 (8th Cir. 1992) (holding that plaintiff's claim of constitutional retaliation under the First Amendment, leading to a reduction in his benefits, may only be heard in accordance with the VJRA).

However, this analysis does not end the court's inquiry because "under § 511(a) certain constitutional claims are not precluded from review by the district court." *Pate*, 881 F. Supp. at 556 (citing *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1500 (2d Cir. 1992)). District courts retain jurisdiction over facial challenges to acts of Congress or an agency rule under the scope of 5 U.S.C. § 552 (including VA regulations that violate other lawful acts of Congress). *See Traynor v. Turnage*, 485 U.S. 535, 544 (1988) (holding that "the question whether a [VA] regulation violates the Rehabilitation Act is not foreclosed from judicial review by" the VJRA);

*Beamon*, 125 F.3d at 972-73. This limited exception is of no help to Plaintiff in this case because he has not presented such a challenge. Rather, it involves the discharge of Plaintiff from the MHRRTP. His challenge to his discharge from a VA treatment program clearly sounds as an attack on a benefits decision. Thus, Plaintiff's claims are due to be dismissed for want of jurisdiction.

### B. Plaintiff's Has Not and Cannot Advance Section 1983 and *Bivens* Claims

Plaintiff has also alleged constitutional claims against individual defendants, but he cannot bring them pursuant to Section 1983. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege deprivation of constitutional rights, and must show that the deprivation was committed by a *person* acting under color of state law.[7] *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not apply to any federal government entity or to federal officials acting under color of federal law. *Nicholson v. Johanns*, 511 F. Supp. 2d 1193, 1195 (S.D. Ala. 2007) (citations omitted). Because the TVAMC is a branch of a federal agency (the VA), and the individual Defendants are "federal officials acting under color of federal law," Plaintiff cannot bring this action under Section 1983. *Halim v. Donovan*, 951 F. Supp. 2d 201, 208 (D. D.C. 2013) (quoting *Settles v. United States Parole Commn.*, 429 F.3d 1098, 1104 (D.C. Cir. 2005)).

The next question is whether Plaintiff has attempted to advance a *Bivens* claim and whether he may do so here. In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). To be held liable under *Bivens*, a federal official must have participated personally in the alleged wrongdoing, and liability cannot be premised upon a theory of vicarious liability or respondeat superior. *See*

---

[7] Section 1983 does not provide a substantive right to relief; rather, it is a procedural device that allows a plaintiff to bring suit against a state actor in federal court for a violation of constitutional rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).

11

*Iqbal*, 556 U.S. at 675-77 ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Malesko*, 534 U.S. at 70.

Here, although Plaintiff names four individual Defendants, his Section 1983 claim, liberally construed as a *Bivens* claim, cannot stand. The Supreme Court has observed (in the context of discussing an earlier case) that it has declined to create a *Bivens* remedy against individual Government officials for First Amendment violations in a federal employment context. *Malesko*, 534 U.S. at 68 ("Although the plaintiff had no opportunity to fully remedy the constitutional violation, we held that administrative review mechanisms crafted by Congress provided meaningful redress and thereby foreclosed the need to fashion a new, judicially crafted cause of action.") (referencing *Bush v. Lucas*, 462 U.S. 367 (1983); *see also Chappell v. Wallace*, 462 U.S. 296, 304-05 (1983) (holding that military personnel cannot maintain a suit to recover damages from a superior officer for alleged constitutional violations because the military has an established means of handling its personnel). Congress has created an avenue of relief that Plaintiff has available here: the VJRA.[8] "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, [the Supreme Court

---

[8] Moreover, and in any event, Plaintiff's claims of retaliation do not state a claim upon which relief can be granted. The exhibits Plaintiff attached to his Amended Complaint suggest that he was discharged for regular reasons by medical professionals and staff. (*See* Doc. # 10 at Exs. C, E, L). Further, even if his anticipated discharge date was initially December 24, 2015, it is reasonable that he could be discharged sooner if the treating professionals determined he would no longer benefit from the MHRRTP. (*See id.* at Ex. J). And, it does not appear that Defendants altered the date of diagnosis of Plaintiff's PTSD; instead, it is reasonable to conclude that they re-diagnosed Plaintiff on November 12, 2015. (*See id.* at Exs. C, E). Therefore, to the extent Plaintiff's citation to Section 1983 in his pleadings could be liberally construed to assert a *Bivens* claim against the individual Defendants, "such claim would in any event require dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Halim*, 951 F. Supp. 2d at 208.

has] have not created additional *Bivens* remedies."[9]  *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988).  Plaintiff has an available remedial path to challenge his denial of benefits—he may follow the strictures of the VJRA to challenge TVAMC's decision regarding his participation in the MHRRTP.[10]  But, as explained above, this court has no jurisdiction over claims properly heard by the BVA and Veteran's Appeals Court.  *See e.g.*, *Hicks*, 962 F.2d at 1368-70 (plaintiff's claim of constitutional retaliation under the First Amendment, leading to a reduction in his benefits, may only be heard in accordance with the VJRA).  Accordingly, Plaintiff's Section 1983 claim, including any liberally construed *Bivens* claim, is due to be dismissed.

## V.     Conclusion

For these reasons, Plaintiff's Motions (Docs. # 28, 30) are due to be denied, Defendants' Motion (Doc. # 23) is due to be granted, and this case is due to be dismissed.  A separate order will be entered.

**DONE** and **ORDERED** this June 2, 2016.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[9] Indeed, the Supreme Court has "only twice" extended the holding of *Bivens*, "to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct."  *Malesko*, 534 U.S. at 70 (emphasis in original).

[10] Similarly, the Rehab Act provides a vehicle to challenge alleged violations of that statute.  However, there is a substantial question as to whether the Rehab Act allows a private right of action against a Federal agency.  *See Coleman v. Darden*, 595 F.2d 533, 538-39 (10th Cir. 1979) ("we do not believe that a Federal agency can be considered a 'program or activity receiving Federal financial assistance' under § 794"), *cert. denied* 444 U.S. 927 (1979); *see also Crayton v. Shalala*, No. 94-1689, 1995 WL 605599, at *4 (N.D. Ala. May 3, 1995), *aff'd Crayton v. Callahan*, 120 F.3d 1217 (11th Cir. 1997), *rehearing denied Crayton v. Apfel*, 132 F.3d 48 (11th Cir. 1997).